IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JINJER CANTERBERRY, by and through her next friend her father James Canterberry, *et al.*,** | * * * * * |
| **Plaintiff,** | * * |
| vs. | * CIVIL ACTION NO. 13-00332-B |
| **JIM BARNES ENTERPRISES, INC.,** | * * |
| **Defendant.** | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant Jim Banes Enterprises, Inc.'s Motion to Dismiss, or Alternatively Motion for Extension of Time. (Doc. 17). The motion has been fully briefed, and is now ripe for resolution. Upon consideration of the parties' briefs, and the representations of counsel at a hearing conducted on October 16, 2013, the undersigned finds that the motion is due to be granted, and accordingly, recommends that Plaintiff William Milton's claims be dismissed with prejudice.

**I. Background**

Plaintiffs Jinger Canterberry, by and through her best friend and father, James Canterberry, and William Milton filed the instant collective action against Defendant Jim Barnes Enterprises, Inc. alleging violations of the Fair Labor

Standards Act. (Doc. 1). Defendant filed an answer denying the substantive allegations in the complaint, and on July 23, 2013, the Court issued a Rule 16(b) Scheduling Order. (Docs. 8). The Order directed Plaintiffs to file their answers to the Court interrogatories by August 9, 2013. (Id.). The record reflects that while Plaintiff Jinger Canterberry timely filed her response to the Court interrogatories, Plaintiff William Milton did not. (Doc. 14). Instead, Plaintiffs' counsel requested additional time in which to file Plaintiff Milton's response to the Court interrogatories. (Doc. 13). As a result, the response deadline was extended to August 23, 2013. (Doc. 15).

Defendant, on August 30, 2013, filed the instant motion to dismiss Plaintiff William Milton's claims or to extend the deadline for Defendant to submit information regarding Milton's time records. (Doc. 17). Defendant reported that Plaintiff Milton had not responded to the Court's interrogatories as directed, and that his response was needed in order to determine the actual loss being claimed by Plaintiffs in this action. On September 9, 2013, the Court issued an order directing Plaintiff Milton to respond to Defendant's motion, and to show cause why sanctions should not be imposed for his failure to comply with the Scheduling Order. (Doc. 18). In response, Plaintiffs' counsel reported that Plaintiff Milton had ceased communicating with counsel on July 16, 2013, that more than ten attempts had

been made to reach Plaintiff Milton, and that a letter send to his residence had not been returned. (Doc. 19). Plaintiffs' counsel also represented that he was aware of personal reasons why Plaintiff Milton may not be responding to counsel, and requested yet another extension so that counsel could again attempt to communicate directly with Plaintiff Milton. (Id.).

The Court, on October 3, 2013, issued an order setting this matter for a hearing. (Doc. 21). In the Order, Plaintiffs were directed to appear for the October 16th hearing; however, Plaintiff Milton failed to appear as directed. At the hearing, Plaintiffs' counsel reported that Plaintiff Milton has ceased to return counsel's telephone calls or respond to written communications, and that as a result, he believes that Plaintiff Milton has lost interest in the case, or for unknown reasons, has elected against pursuing this action. Counsel for Defendant renewed Defendant's request for the dismissal of Plaintiff Milton's claims for failure to prosecute and failure to obey orders of this Court. Upon consideration, the undersigned finds that Defendant's motion to dismiss (Doc. 17) is due to be **GRANTED**.

**II. Discussion**

A court may dismiss a case with prejudice based on two possible sources of authority: Rule 41(b), or the court's inherent power to manage its docket. Rule 41(b) provides: "For

3

failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Fed. R. Civ. P. 41(b). The Supreme Court also has held that "the authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962). "A dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (citations omitted). Based upon the record before the Court, the undersigned finds that dismissal of Plaintiff Milton's claims is appropriate because he has disobeyed orders of the Court and has ceased all communications with his counsel. According to Plaintiff Milton's counsel, he has repeatedly called Plaintiff Milton, and has sent written communications to his address of record; however, Plaintiff Milton has not responded nor has the written communications been returned to counsel. The fact that Plaintiff Milton has ceased communicating
4

with his counsel and that written communications to him have not been returned is strong evidence that his failure to comply with the Court's orders is willful, and that he has lost interest in this lawsuit. Given Plaintiff Milton's repeated failure to comply with the Court's orders, and the fact that he has ceased all communication with his counsel, the undersigned finds that upon consideration of lesser available sanctions, there is no reason to believe that sanctions short of dismissal with prejudice will suffice. Accordingly, it is recommended that this Plaintiff Milton's claims against Defendant be **DISMISSED** with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no other lesser sanction will suffice.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L. R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates

5

by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **22nd** day of **October, 2013.**

                                              **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**